UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DIANE K. RAMBACHER,

           Plaintiff,

v.

BEMUS POINT CENTRAL SCHOOL
DISTRICT,

           Defendant.

DECISION AND ORDER
01-CV-338A

FILED
SEP 28 2007
CLERK, US DISTRICT COURT, WDNY

---

       This case was referred to Magistrate Judge Marian W. Payson, pursuant to 28 U.S.C. § 636(b)(1). The defendant, Bemus Point Central School District ("District"), filed a motion for summary judgment, which the plaintiff opposed. On June 6, 2007, Magistrate Judge Payson filed a Report and Recommendation recommending that the District's motion for summary judgment be granted.

       Plaintiff filed objections to the Report and Recommendation and the District filed a response. On August 23, 2007, this Court held oral argument on the plaintiff's objections.

       Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. Upon a *de novo* review of the Report and Recommendation, and after reviewing the submissions of the parties, the Court

adopts the proposed findings of the Report and Recommendation.

The Magistrate Judge found that summary judgment was appropriate because there was insufficient evidence to show that the plaintiff was qualified to perform the duties of Computer Coordinator with or without reasonable accommodation. Plaintiff objects to that determination and argues that there was sufficient evidence to create a triable issue as to whether she was capable of performing her former job following an extended leave of absence for depression.

In addition to the reasons cited by the Magistrate Judge, summary judgment is also appropriate because the plaintiff has failed to demonstrate that there were other vacant positions for which she was qualified. The evidence presented by the plaintiff showed that in June 1998, she sought to return to her former position as a Computer Coordinator after an extended leave of absence due to depression. Plaintiff met with the District to discuss the types of accommodations that she would require upon her return. At that time, she expressed her intent to return and a willingness to undergo a medical examination to satisfy the District's concerns that she was physically able to perform the job. The District responded by informing her that her former position as Computer Coordinator was no longer available as a result of a reorganization and that, based upon a neuropsychological examination that had been conducted approximately 7 months earlier, "there [were] no positions available for which she would appear to

2

be qualified." See Dkt. 37, at ¶ 23, Exh. N.).

Plaintiff's counsel wrote to the District and confirmed her willingness to submit to a medical examination. In September 1998, the District met with the plaintiff and her psychologist. Plaintiff's psychologist identified general work-related restrictions that she would need and indicated the further accommodations might be required depending upon the exact demands of the job. The exact nature of the job was unclear at that point as it was the District's position that the Computer Coordinator was filled and there were no other vacant positions for which the plaintiff was qualified. The District responded stating that the accommodations that she requested could not reasonably be implemented in connection with any position in the District's Business Office. Instead, the District offered her the position as Library Aide, a position which plaintiff claims was compensated at one-third of her prior salary and involved a demotion.

Although the plaintiff disputes the Magistrate Judge's determination that she was not qualified for the position of Computer Coordinator, that issue appears to be a moot one as the undisputed evidence indicates that the Computer Coordinator position was no longer available as a result of a District reorganization. The duty to make reasonable accommodations "does not, of course, require an employer to hold an injured employee's position open indefinitely while the employee attempts to recover . . .," Parker v. Columbia Pictures Industries, 204 F.3d 326, 338 (2d Cir. 2000), and the District's

3

reorganization provides a legitimate, non-discriminatory reason for its actions. The Court is unaware of any evidence suggesting that the reorganization was motivated by an intent to discriminate against the plaintiff.

Because her former position was no longer available, the District offered to reassign the plaintiff. However, the District asserted that there were no positions within its Business Office that could satisfy the plaintiff's requested accommodations. Instead, the District offered to reassign the plaintiff to the position of Library Aide. The plaintiff rejected this offer because she viewed that the position as inferior and would require a considerable reduction in salary. Plaintiff also did not believe that the Library Aide position would satisfy her requested accommodations.

According to the EEOC Interpretive Guidance on Title I of the Americans with Disabilities Act, 29 C.F.R. App. § 1630.2(o), "reassignment to a vacant position is . . . listed as a potential reasonable accommodation." In Norville v. Staten Island University Hosp., 196 F.3d 89 (2d Cir. 1999), the Second Circuit explained that under the EEOC guidelines, "an employer who utilizes reassignment to meet the duty of reasonable accommodation for a current employee 'should reassign the individual to an equivalent position in terms of pay, status, etc., if the individual is qualified and if the position is vacant within a reasonable amount of time.'" Id. at 99 (quoting EEOC Interpretative Guidance). An employer need not reassign an employee if no position is vacant. Id. Nor is

the employer obliged to create a new position to accommodate the employee. Id. In determining where to reassign a plaintiff, the employer "should first consider lateral moves to positions that are regarded as equivalent." See Smith v. Midland Brake, Inc., 180 F.3d 1154, 5567 (10th Cir. 1999). An employer may consider reassignment to a lesser job only if there are no equivalent positions available. Id. On the other hand, "where a comparable position is vacant and the disabled employee is qualified for the position, an employer's refusal to reassign the employee to that position-absent some other offer of reasonable accommodation-constitutes a violation of the ADA." Norville, 196 F.3d at 99.

Here, although the plaintiff asserts that the offered reassignment was inferior, she has failed to identify any position comparable to the Computer Coordinator position that was vacant and for which she was qualified. "To prevail on an ADA claim where the employer has offered reassignment as a reasonable accommodation, the employee must offer evidence showing both that the position offered was inferior to her former job *and that a comparable position, for which the employee was qualified, was open.*" Id. (emphasis added). It is the plaintiff's burden to prove that a suitable vacancy existed. See Jackan v. New York State Dept. of Labor, 205 F.3d 562, 567 (2d Cir. 2000). Because the plaintiff has not presented any evidence to support her contention that a position more suitable than the one offered (Library Aide) was vacant, summary judgment is appropriate on that ground as well.

5

Accordingly, for the reasons set forth above and in Magistrate Judge Payson's Report and Recommendation, the District's motion for summary judgment is granted. The Clerk of Court is directed to take all steps necessary to close the case.

IT IS SO ORDERED.

/s/ Richard J. Arcara
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: September 28, 2007